OPINION

Background

This case has a long and substantial history that was compiled and recited in detail in the September 15, 2015, Order of the Tribal Court denying the appeal of the Appellants herein. That recitation includes a history of the Tribe and tribal membership, the evolution of the Grand Ronde Constitution and the enrollment ordinance, the tribal Enrollment Committee, and the hearings held involving the Appellants. Only a few key points from that history need be recounted for purposes of this Opinion.
In 2013 an enrollment audit determined four tribal members claiming descent from Chief Tumulth did not have the relevant Constitutional membership requirement of descent from a lineal ancestor listed on any roll or record of Grand Ronde membership. Order at 5. Those tribal members were subsequently notified in writing of this information and that that they had a right to a hearing. Id. Hearings were held in December 2013 by the Enrollment Committee regarding the proposed disen-rollment of those members. Id. The individuals were given opportunities to submit additional information. Id. at 5-6. Ultimately the Enrollment Committee reached a decision that the individuals would be disenrolled. Id. at 1.
The decision of the Enrollment Committee was appealed to the Grand Ronde Tribal Court. After hearing oral arguments on February 15, 2015, the Tribal Court entered an Order Denying Appeal on September 1, 2015. In addition to the substantial recounting of relevant history *350 mentioned above, the Order addresses the several substantive claims made by the individuals. The four Individuals (Appellants hereafter) received the Trial Court’s Order on September 4, 2015. Appellants filed a Notice of Appeal to this Court dated September 29, 2015.
On October 23, 2015, the Confederated Tribes of the Grand Ronde Community, Appellee herein, filed a Motion to Dismiss Appeal for Failure to Timely File and Lack of Jurisdiction. Appellee’s motion asserts that Appellants’ Notice of Appeal was not filed within the time limit set by the Enrollment Ordinance that provides that an appeal must be filed within fourteen (14) days after receipt of the Tribal Trial Court’s decision and that the 14-day deadline expired on September 18, 2105. Appellee further asserts that the filing deadline is jurisdictional and that this court lacks jurisdiction to hear this appeal.
Appellants’ response, filed on November 9, 2015, asserts that pursuant to Article IV, § 2 of the Confederated Tribes of Grand Ronde Constitution the Chief Judge issued a Promulgation of Tribal Court Rules of Appellate Procedure dated August 3, 2001, which provides as follows:
Effective August 1, 2001, all cases appealed to the Court of Appeals of the Grand Ronde shall be governed by rules and procedures as follows:
1. Effective as to all cases filed on or after August 1, 2001, the Confederated Tribes of Grand Ronde hereby adopt, as the Confederated Tribes of Grand Ronde Rules of Appellate Procedure, the Federal Rules of Appellate Procedure and the Federal Rules of Appellate Procedure for the Ninth Circuit, as they currently exist, and as they may from time to time be amended, with the following exceptions and provisos.
Pursuant to the Federal Rule of Appellate Procedure 4(a)(1)(A) the deadline for filing an appeal in a civil case is:
In a civil case, except as provided in Rules (4)(a)(l)(B), 4(a)(4) and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days of entry of the judgment or order appealed from.
Thus, Appellants contend that the deadline for filing the notice of appeal was October 1, 2015; that the Notice of Appeal was filed on September 29, 2015; and that therefore the Notice was timely filed.
This Court entered an Order Setting Briefing Schedule on December 1, 2015. A hearing was scheduled and held on February 26, 2016.

ANALYSIS

In our Order Setting Briefing Schedule, we posed two questions. The first question for the parties to address was: “Can the Tribe’s Enrollment Ordinance set forth a different and shorter deadline for filing Notices of Appeal than the deadline set forth in the Federal Rules of Appellate Procedure promulgated by the Court as the procedural rules of the Appellate Court?” Appellee responded stating that this question presumes there is a conflict between the Tribal Court Rules of Appellate Procedure and the Enrollment Ordinance and asserts that there is no such conflict.
The August 3, 2001, Promulgation of Tribal Court Rules of Appellate Procedure (TCRAP) which adopted the Federal Rules of Appellate Procedure (FRAP) with certain exceptions and provisos which include the provision that “[t]he Tribal Court shall interpret the rules in a manner consistent with the Constitution and ordinances of the Confederated Tribes of the Grand Ronde_” Appellate Rules Promulgation at paragraph number 5. The Tribal Court’s published “Information regarding *351 modifications of the Court Rules” states that “some Tribal Ordinances contain provisions about procedure and evidence that differ from the Federal Rules. The Tribal Ordinance provision prevails in that circumstance, and the Court will apply the rules set out in the Ordinance, to the extent there is a conflict.” Thus, the 2001 Promulgation clearly specifies that the timelines in the ordinance are applicable.
In our Order Setting Briefing Schedule we also asked a second question for the parties to address: “If the Tribe’s Enrollment Ordinance appeal deadline controls over the Court’s promulgated rules, does this situation raise due process concerns?” This encompasses both procedural and substantive due process concerns.
It is clear from the history and chronology of the Enrollment Ordinance that Appellants had adequate notice of the filing deadline and have not been denied a reasonable opportunity to be heard. The fourteen-day timeline for filing an appeal under the Enrollment Ordinance has been in place for approximately fourteen years. It was included in amendments made to the Ordinance on January 3, 2001 and it was in place prior to the creation of this Court that was established by Tribal Council Resolution adopted on June 27, 2001. The Tribal Court’s promulgated rules and the Enrollment Ordinance are available on the Tribe’s public website. Appellants in this case were represented by counsel admitted to the Tribal Court Bar before the Trial court and in this appeal. Counsel had the obligation to know or determine the applicable filing dates. In addition, the Appellants were notified of their right to a hearing before the Enrollment Committee and given the opportunity to submit additional information. Order at 5. They participated in a hearing before the Enrollment Committee, appealed that decision to the Tribal Court and had a full hearing there.
Appellants have asserted that their substantive due process rights were violated in the course of this enrollment dispute but have presented no support for that claim.
This Court has previously held that due process requires that persons be given “some kind of notice and afforded some kind of hearing.” Pearsall v. Confederated Tribes of Grand Ronde, 5 Am. Tribal Law 58, 63 (Grand Ronde Tribal Ct.App.2004) (emphasis in original). Notice and Hearing opportunities afforded to Appellants are beyond the very minimal standard set forth in Pearsall. Id.
We now look to the three-part test established in Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) to determine if procedural due process standards have been met in this case. Mathews held that the following factors should be considered:
First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government’s interest, including the function involved and the fiscal and- administrative burdens that the additional or substitute procedural requirement would entail.
Mathews, 424 U.S. at 335, 96 S.Ct. 893.
The private interest that will be affected by the official action is the Appellants’ interest in maintaining their tribal membership status and appealing the Tribal Court decision that affirmed the Enrollment Committee decision to terminate that status. Those are both substantial and significant rights. Second, the risk of erroneous deprivation of Appellants’ interest in appealing the Tribal Court decision and retaining their membership status is mini *352 mal or non-existent given the opportunities the Appellants have had for hearings, submission of information and appeals. Third, the Government’s interest, including the administrative burdens that additional or substitute procedural requirements would entail is largely a non-issue. The Tribe’s right to define and determine its own membership is central to its existence as an independent political community. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 72 n. 32, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). There is no need to substitute procedural requirements given the existing structure.
Consequently we find that there are no substantive or procedural due process issues implicated in this case. Appellants have raised a number of other substantive issues on appeal. We need not and cannot address those issues. As the Appellee notes:
Enrollment and loss of membership decisions are of great importance not only to the individual seeking membership or retaining membership, but also to the Tribe and its members. The strain loss of membership places on the individuals involved and the Tribal community as a whole is significant.
Appellee Opening Brief in Support of Motion to Dismiss, at 8.
We here address only the procedural issues regarding the deadline for filing an appeal from the Tribal Court to this Court and offer no opinion regarding other claims made by Appellants.
Appellants urge that if this Court finds that the provisions of the Enrollment Ordinance are applicable, that we modify the application of the deadline in that Ordinance in the interests of justice. They cite a provision from the Modification of Court Rules that states:
As set out in the Court’s promulgation adopting the Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, the Rules of the U.S. District Court of the District of Oregon and the Federal Rules of Evidence, the Court retains discretion to modify the application of any of those rules for any case in which it is impractical or impossible to apply the rules as written, or in the interests of justice.
While we understand and recognize that the implications of disenrollment are of great consequence to Appellants, we must decline to take that step. The language in the Promulgation requires that the rules adopted be interpreted consistent with the Constitution and Ordinances of the Confederated Tribes of the Grand Ronde. The deadline applicable in this case is established by the Enrollment Ordinance. We cannot interpret tribal rules of procedure to modify or change a deadline so established, just like a tribal court rule itself could not modify or change a statutorily established deadline.
We are compelled to agree with Appellee that the applicable deadline for filing a Notice of Appeal is jurisdictional and that we are without jurisdiction to hear this case. See Bowles v. Russell, 551 U.S. 205, 213, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007).
Consequently, it is hereby ORDERED that this appeal is dismissed.